**George K. BIRCHFIELD, Plaintiff,**

v.

**Patricia Roberts HARRIS, etc., Defendant.**

**No. CIV–2–80–124.**

United States District Court, E. D. Tennessee, Northeastern Division.

Nov. 25, 1980.

Michael J. O'Connor, Johnson City, Tenn., for plaintiff.

John H. Cary, U. S. Atty., Knoxville, Tenn. by Guy W. Blackwell, Jr., Asst. U. S. Atty., Greeneville, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The Court concluded that there was substantial evidence in the administrative record to support the finding of the defendant Secretary that the plaintiff Mr. Birchfield was not disabled within the meaning of the Social Security Act, and further that the required good cause had not been demonstrated by the plaintiff for a remand of this action to the defendant for the taking of additional evidence administratively. *See* memorandum opinion herein of October 22, 1980. In accordance therewith, judgment was entered, affirming the final decision of the Secretary. See judgment herein of October 22, 1980. The plaintiff moved the Court timely to amend that judgment, Rules 52(b), 59(e), Federal Rules of Civil Procedure, contending that he is now able to show such good cause. Such motion lacks merit.

The Social Security Act and the regulations promulgated thereunder " * * * * create an orderly administrative mechanism, with district court review of the final decision of the Secretary, to assist in the original processing of the more than 7,600,000 claims filed with the [Social Security] Administration. * * *" *Califano v. Sanders* (1977), 430 U.S. 99, 102, 97 S.Ct. 980, 51 L.Ed.2d 192, 197. When a claim finally reaches the stage for judicial review, the role of the Court is to examine the administrative record to determine whether it contains substantial evidence to support the final decision of the Secretary. *See* 42 U.S.C. § 405(g).

While the Court is empowered " * * * at any time [to] order additional evidence to be taken before the Secretary, * * *" that may now be done " * * * only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in [the] prior [administrative] proceeding. * * *" 42 U.S.C. § 405(g), as amended on June 9, 1980. The plaintiff failed to make the necessary showing, that there was good cause for his failure to have the "new" evidence he proposed incorporated into the administrative record, and the Court properly denied his request for a remand. Now, however, the plaintiff asks this Court to vacate its final judgment herein; to nullify the final decision of the Secretary; and to order her to take evidence which the plaintiff never offered her in the first place.

It has become almost standard practice in this division for plaintiffs in Social Security cases to submit to the Court a recently-acquired medical report and to move the Court, in the event it should find substantial evidence in the record to support the Secretary's decision, to remand the action to her for the taking of that additional evidence and a reconsideration of the claim. Such procedure has become quite cumbersome and, in some instances, has resulted in an action being "bounced" back and forth between the Secretary and the Court for a substantial period of time.

This appears to have encouraged claimants and their representatives to withhold medical reports, or at least not to acquire them timely, with the idea of obtaining another "bite at the apple" in the event of an adverse decision by the Secretary. As a result, a genuine desire by claimants and their representatives to obtain timely all pertinent evidence so that it can be presented to the Secretary for her consideration prior to the seeking of judicial review seems to be lacking. The notion is evidently widespread that additional evidence can be acquired at any time and submitted to the district court along with a motion to remand the case to the Secretary for a reconsideration of the claim in light of that "new" evidence.

These potentially abusive tactics, and the handling of such motions to remand by the courts, may well have prompted the Congress to amend the provisions of 42 U.S.C. § 405(g). Of great concern to the legislators was that some district judges were ordering remands in situations where the final decision of the Secretary was supported by substantial evidence in the administrative record before the court but the reviewing judge disagreed with the result reached and, in lieu of ordering a remand, would have to sustain the final administrative decision under the "substantial evidence" rule. Senate Report no. 96–408 reprinted in 5 U.S.Code Cong. & Admin.News (1980) at pp. 2481, 2540, 96th Cong. 2d Sess. It was noted that " * * * the number of these court remands seem to be increasing * * *," and the Congress clearly acted so as to limit the power of the district courts to remand actions for the taking of additional evidence. *Idem.*

■ Whether an action should be remanded to the Secretary for the taking of additional evidence is a decision within the discretion of the Court. *Davis v. Califano*, D.C.Ill. (1977), 437 F.Supp. 978, 980[3]. This Court is of the opinion that under the recent amendment to 42 U.S.C. § 405(g) it should not exercise its discretion to order such a remand unless there exists some logical reason why the proffered additional

evidence was not, or could not have been, presented to the Secretary for inclusion in the record during the administrative proceedings. In other words, for a plaintiff to show good cause for the failure to incorporate the additional evidence into the administrative record, he should demonstrate some justification for his failure to have acquired and presented such evidence to the Secretary. Any lesser requirement would only serve to permit dilatory claimants to frustrate the orderly procedures established by the Congress for the review by the district courts of final administrative decisions.

Claimants for Social Security benefits should exercise reasonable diligence to acquire and present to the Secretary all evidence that might bear on their respective claims. This is especially true where, as here, they are represented by counsel. Only in this manner can this Court perform adequately its obligation to review final decisions of the defendant Secretary to see if they are supported by substantial evidence in the administrative record.

The procedures followed by the Secretary and her representatives contemplate fully the receipt of evidence after the administrative hearing; it is well-known that administrative law judges frequently allow claimants additional time in which to submit new evidence. Similarly, it is often the case that an appeals council will consider evidence acquired after the administrative law judge has rendered his decision. In addition, the Secretary has established an orderly procedure for the reopening of a final decision which can be utilized when new evidence is discovered in support of a claim for benefits.* *See* 20 C.F.R. §§ 404.-957, 404.958.

Claimants and their representatives should take full advantage of these opportunities instead of waiting until after judicial review is sought to seek the supplementation of the administrative record with new evidence. No useful purpose is served by waiting to acquire such evidence until after suit is filed in the district court.

This reviewing court is placed in a rather awkward situation where, as here, it is asked to vacate the final decision of the Secretary and to order her to receive and consider evidence which was never presented to her in the first place despite an adequate procedure for so doing. *Cf. Califano v. Moynahan*, C.A. 6th (1979), 596 F.2d 1320, 1322 (" * * * We decline to employ the extraordinary writ of mandamus to require a district judge to do that which he was never asked to do in a proper way in the first place.")

■ "New evidence", within the meaning of 42 U.S.C. § 405(g), does not include evidence which was available during the pendency of the administrative proceedings but was not obtained by counsel and submitted to the Secretary in timely fashion. *See Carroll v. Califano*, C.A. 6th (1980), 619 F.2d 1157, 1162, n. 6. Unquestionably, the letter of Dr. Morris of July 2, 1980, which the plaintiff now seeks to add to the record, did not exist until it was typed on that date. Nevertheless, the plaintiff offers no reason why it took so long to obtain such letter. He had been examined by Dr. Morris on the previous June 4. No claim is made that, had reasonable diligence been exercised, this evidence could not have been obtained in time to have submitted it to the Secretary.

Even though, the appeals council rendered its decision a few days before the plaintiff was examined by Dr. Morris, there existed an orderly procedure by which he could have sought to have the "new" evidence considered by the Secretary. *See* 20 C.F.R. §§ 404.957, 404.958. That the plaintiff and his counsel were unaware of the letter of July 8, 1980 which allowed him 20

---

* " * * * [T]he administrative scheme provides for additional consideration of the claim. This is in the form of regulations for reopening of the agency determination within specified time limits after the date of the initial determination: 12 months as a matter of right and four years

'upon a finding of good cause,' which exists if new evidence is provided or specific errors are discovered. * * * " *Califano v. Sanders, supra,* 430 U.S. at 102, 97 S.Ct. at 982–983, 51 L.Ed.2d at 197.

days in which to submit any additional evidence provides little justification for his inaction—he did not need permission from the Secretary to at least try to get this additional medical report incorporated into the record. A letter of May 1, 1980, written on behalf of the plaintiff, advised the Secretary that he intended to submit more evidence in support of his claim. Mr. Birchfield has failed to offer a valid excuse for his failure to so do.

Not finding that the plaintiff has shown good cause for the failure to incorporate the additional evidence he proposes into the record in the prior administrative proceeding, the Court is precluded from ordering such additional evidence to be taken before the Secretary. 42 U.S.C. § 405(g). In each of its alternatives, the motion of the plaintiff hereby is DENIED, but without prejudice to any attempt by him to seek a reopening of his claim administratively.