**Robert BOMES, Plaintiff,**

v.

**Richard SCHWEIKER, Secretary of Health & Human Services, Defendant.**

**Civ. A. No. 81–2841–K.**

United States District Court, D. Massachusetts.

July 23, 1982.

Robert Bomes, pro se.

Gary Yesser, Yesser, Jessup & Green, Providence, R. I., Gregory C. Flynn, Asst. U. S. Atty., Boston, Mass., for defendant.

## Memorandum

KEETON, District Judge.

This is an action brought under 42 U.S.C. § 405(g) to review a final decision of the Secretary of Health and Human Services ("the Secretary") denying plaintiff's application for establishing a period of disability and for disability insurance benefits and for supplemental security income benefits under 42 U.S.C. §§ 416, 423 and 1382c. It is before the court on defendant's motion for an order affirming the decision of the Secretary and plaintiff's motion for summary judgment and remand.

### I.

Plaintiff filed an application on July 1, 1980 for a period of disability and for disability insurance benefits (Tr. 68–79); on September 2, 1980, he filed an application for supplemental security income benefits

based on disability (Tr. 183–186). He alleged that he had been unable to work since May 1, 1980, when he was 27 years old. The Social Security Administration denied the applications initially (Tr. 80–82, 187) and on reconsideration (Tr. 90–94, 188–190). The Administrative Law Judge ("ALJ"), before whom plaintiff, his mother, and an impartial vocational expert appeared, considered the case *de novo*, and on April 10, 1981 found that plaintiff was not "disabled" as that term is defined by the Social Security Act (Tr. 11–23). The Appeals Council approved the ALJ's decision on August 28, 1981 (Tr. 6–7), by reason of which it became the final decision of the Secretary, subject to judicial review in this court.

The plaintiff now moves to remand this case for the following reasons: (1) there is sufficient new and material evidence to constitute good cause for remand; (2) the ALJ misconstrued the requirement for medical proof of disability. Because I find that there is new evidence such that the action must be remanded, and because the new evidence apparently supplies medical proof that was previously missing, I find it unnecessary to reach plaintiff's claim that the ALJ misconstrued the requirement for medical proof of disability.

## II.

The central issue before the court on judicial review of a decision of the Secretary is whether the decision is supported by substantial evidence and is in conformity with statutory requirements. *See Geoffroy v. Secretary of HHS*, 663 F.2d 315, 319 (1st Cir. 1981); *Lizotte v. Secretary of HHS*, 654 F.2d 127, 128 (1st Cir. 1981); *Miranda v. Secretary of HEW*, 514 F.2d 996, 998 (1st Cir. 1975).

The relevant statutory provisions define "disability" as:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . .

42 U.S.C. § 416(i)(1) and 423(d)(1)(A). Section 423(d)(2)(A) further provides that an individual

shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .

In addition, 42 U.S.C. § 423(d)(5) provides as follows:

An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require.

Plaintiff has the burden of proof as to whether he has a medically determinable physical or mental impairment of such severity that he is disabled from performing the jobs he has done in the past. *Currier v. Secretary of HEW*, 612 F.2d 594, 598 (1st Cir. 1980); *Small v. Califano*, 565 F.2d 797, 800 (1st Cir. 1977); *Ramirez v. Secretary of HEW*, 528 F.2d 902, 903 (1st Cir. 1976); 42 U.S.C. § 423(d)(5). If the evidence presented at the hearing would support a finding either for or against the plaintiff's claim, plaintiff's burden is to persuade the Secretary as factfinder. It is the Secretary's function to resolve conflicts in the evidence. *Richardson v. Perales*, 402 U.S. 389, 399, 91 S.Ct. 1420, 1426, 28 L.Ed.2d 842 (1971). By § 205(h) of the Act, 42 U.S.C. § 405(h), judicial review is limited, and the court must affirm the Secretary's decision if it is supported by substantial evidence. *E.g., Reyes Robles v. Finch*, 409 F.2d 84, 86 (1st Cir. 1969); *Rodriguez v. Celebrezze*, 349 F.2d 494 (1st Cir. 1965). The court may, however, "at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ." 42 U.S.C. §§ 405(g).

## III.

The plaintiff, who has completed two years of college and had been employed as an insurance representative, was forced to leave his work in May, 1980 due to pain in his left foot and leg (Tr. 13, 120–131) and left side hemiparesis (Tr. 13, 146–149). A number of physicians examined the plaintiff but were unable to diagnose the cause or causes of his condition. The ALJ reported:

On September 19, 1980, the claimant was apparently seen by Dr. Thomas Morgan, a neurologist. At that time, Dr. Morgan noted the claimant's complaints of pain, numbness and heaviness of the left leg and left arm that appeared to have been progressive during the last three to six weeks, as well as allegations of complaints of weakness in his arms and leg and an occasional pressure type headache with some blurred vision. He concluded that the claimant's symptoms appeared consistent with left hemiparesis but that there were not objective findings to support them.... Following his October 2, 1980 examination, Dr. Morgan indicated that the claimant's condition was unchanged, that he was confined to his house and that the etiology of the claimant's symptoms was unknown.

\* \* \* \* \* \*

In a report dated January 27, 1981, Dr. Jack Stern averred that the claimant had subjective complaints of left sided numbness and weakness as well as right upper extremity weakness.... Dr. Stern commented ... that there was no satisfactory explanation for the patient's findings or the nature of his symptoms....

\* \* \* \* \* \*

Thus, despite extensive and exhaustive evaluations with the latest medical technology the cause of the claimant's symptomatology has not been determined. Tr. 19–20.

It was apparently largely as a result of the unknown etiology of plaintiff's maladies that the ALJ concluded that "[t]he claimant has not established that he is unable to perform his past relevant work .... The medical evidence shows that the claimant's conditions are not attended by clinical findings that meet or equal in severity and duration the requirements" of the applicable regulations (Tr. 20–21).[1] Acknowledging that "[t]his is a very difficult case," the ALJ concluded that "the overall impression is that the claimant has failed to establish a medically determinable impairment which could cause his alleged symptoms" (Tr. 22).

In May, 1981, one month after the ALJ's decision was handed down, Dr. Jack Stern diagnosed plaintiff as suffering from a herniated disc impinging on the spinal column (Tr. 191). On June 10, 1981, plaintiff underwent surgery to correct this situation. Dr. Stern's December 28, 1981 letter to plaintiff's attorney strongly suggests that the herniated disc may have caused the various symptoms plaintiff experienced beginning in early 1980.

## IV.

In order to support a remand in this case, plaintiff must show that there is "new evidence" which is "material" and that "there is good cause for the failure to incorporate such evidence into the record in a prior proceeding ...." 42 U.S.C. § 405(g). I find, first, that the evidence here is new. Although the Appeals Council

1. It is difficult to find in the record any reason other than the lack of a medical explanation for plaintiff's symptoms that could have led the ALJ to conclude that the plaintiff had not "established" his inability to perform insurance sales work or other sedentary work. A vocational expert who was called by the ALJ testified as follows:

Question from ALJ: If all the claimant's testimony is substantiated to the degree alleged when the medical evidence is complete, would he be—would he have the vocational skills to perform either his former job or any other job?
Answer: No, Sir.
Tr. 65.
Since the expert witness gave the only testimony addressed directly to the question of plaintiff's ability to work, I conclude that it was lack of medical substantiation that led to the ALJ's finding that the plaintiff was not disabled within the definition of the Social Security Act.

had before it two brief letters from Dr. Stern (Tr. 191–192), reporting his diagnosis and the subsequent operation, it did not have Dr. Stern's opinion that the herniated disc might have been the cause of plaintiff's previous problems. Thus, the record lacked this evidence tending to show that plaintiff was "under a disability" for a period of at least twelve months. Next, I find that the evidence is "material"—that if this evidence is made part of the record, it will provide a missing clinical explanation that might cause the decision of the Secretary to be different. *Cf. Finnstrom v. Mathews*, 412 F.Supp. 415, 416 (D.Ariz.1976).

As to whether there is good cause for the failure to incorporate the evidence into the record in a prior proceeding, it is clear that the evidence at issue could not have been submitted to the ALJ, since the diagnosis was made and the operation performed subsequent to his decision. It may be argued that plaintiff had the duty to provide evidence to the Appeals Council that the herniated disc explained his previous condition. In most instances the Secretary need not proceed further when a claimant fails to offer evidence that satisfies his burden of proving that he has a medically determinable impairment that disables him from performing jobs he has held in the past. Proceedings before the Secretary, however, are not strictly adversarial in nature. Instead, the Secretary has a responsibility for adequate development of the evidence, and this responsibility increases when the claimant is unrepresented. *Currier v. Secretary of HEW*, 612 F.2d 594, 598 (1st Cir. 1980).[2] *See also, e.g., Brittingham v. Weinberger*, 408 F.Supp. 606, 610–611 (E.D.Pa.1976). Precedents have clearly established this responsibility in the context of the hearing

before the ALJ. In the present case, the potential availability of new evidence of a medically determinable basis for the claimant's condition first became known as a result of findings made in a medical examination occurring after the ALJ's decision. When the sketchy and suggestive but non-dispositive report of these findings came to the attention of the Appeals Council, the Secretary, acting through the Appeals Council, first had notice that the evidence bearing upon the claim had been inadequately developed. No reason appears for not applying to review by the Appeals Council a responsibility, like that clearly established in the context of a hearing before the ALJ, to assure adequate development of the evidence. The proceedings before the Appeals Council, like those before the ALJ, are nonadversarial, and the Secretary's responsibility for adequate development of evidence continues to apply.

The new evidence presented to the Appeals Council was sufficient to show a likelihood that, if the medical findings incident to examination and treatment after the ALJ's decision had been fully developed and fully considered by the factfinder, the decision might have been different. In these circumstances I conclude that the claimant has established that "there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding," 42 U.S.C. § 405(g). The case will be remanded for a new hearing.[3]

For the foregoing reasons, defendant's motion for an order affirming the decision of the Secretary is denied and plaintiff's motion for summary judgment, insofar as it prays for a remand for further proceedings consistent with this opinion, is allowed.

---

**2.** It is true that the present case is less compelling on its facts than *Currier*. There it appeared that the claimant was mentally impaired; the claimant here is not so impaired. Here, however, as in *Currier*, the plaintiff was unrepresented in all proceedings before the Secretary.

**3.** The herniated disc operation occurred on June 10, 1981. On December 28, 1981, Dr. Stern wrote that it might take the plaintiff another year to recuperate completely. The

Appeals Council, Tr. 7, adverted to the possibility that plaintiff might file a new claim based on 12-months disability commencing at or near the time of the operation. On remand, the Secretary will be free, of course, to accept and adjudicate a new application as well as to reconsider the original application for disability, and may proceed to consideration of both claims in a manner designed to avoid needless procedural delays and duplication of hearings.