Marilyn M. BROWN, Plaintiff,

v.

Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.

No. 81–1064 Civ–T–K.

United States District Court, M.D. Florida, Tampa Division.

Jan. 21, 1983.

Maureen Emmet-Miller, Watson, Gold-stein, Earle, Douglass & Dubbeld, P.A., and Peter Dubbeld, St. Petersburg, Fla., for plaintiff.

Terrance A. Bostic, Asst. U.S. Atty., Tampa, Fla., for defendant.

## ORDER

KRENTZMAN, Senior District Judge.

The Court has for consideration a filing of a petition for review of the decision of the Secretary of Health and Human Services.

This matter was considered by the United States Magistrate, pursuant to the general order of assignment, who filed his report recommending that the case be remanded for (1) the taking of vocational evidence, as well as other evidence on the issue of whether plaintiff could perform other specific jobs existing in the national economy, (2) for the consideration of the eight additional medical reports submitted by plaintiff, and (3) for reconsideration of plaintiff's claim in light of *Freeman v. Schweiker,* 681 F.2d 727 (11th Cir.1982).

Upon consideration of the report and recommendation of the Magistrate and the objections thereto, and upon this Court's

independent examination of the entire file, the Magistrate's report and recommendation is adopted and confirmed as to the first and third grounds for remand. However, the Court does not adopt the second ground for remand, the consideration of eight late medical reports submitted by plaintiff. These eight reports were purportedly obtained by plaintiff after the administrative hearing was closed. In this Court, plaintiff moved to remand the case to the Secretary to hear this "new evidence." The Magistrate recommended that the Secretary be instructed to review these reports under 42 U.S.C. § 405(g).

Before June 9, 1980, the wording of this statute in relevant part stated, "The court . . . may, at any time, on good cause shown, order additional evidence to be taken before the Secretary." 42 U.S.C. § 405(g) (1979). This statute was partially amended in 1980 as part of the changes in the whole statutory framework concerning the Social Security programs.[1] In pertinent part, the amended version of the statute permits a remand for the hearing of new evidence ". . . only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. . ." 42 U.S.C. § 405(g) (1982 Supp.).

There are few reported decisions concerning "new evidence" remands under the amended statute. The Court is aware of only one decision which is binding in this Circuit. In *Chaney v. Schweiker,* 659 F.2d 676 (5th Cir.1981) the court discussed the changes in § 405(g) and whether the changes applied in that case.[2] The *Chaney* court simply remanded the issue to the district court, for a determination of whether the claimant there had met his burden of showing good cause for not submitting evidence in the prior proceeding.[3] The court

---

1. The Social Security Disability Amendments of 1980, Pub.L. No. 96–265, 94 Stat. 458 (1980).

2. The decisions of the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding of all federal

courts within the Eleventh Circuit. *Bonner v. City of Prichard, Alabama,* 661 F.2d 1206.

3. The court in *Chaney* relied on *Watts v. Harris,* 614 F.2d 515 (5th Cir.1980), *cert. denied* 449 U.S. 863, 101 S.Ct. 168, 66 L.Ed.2d 80 (1980) which applied the older version of § 405(g).

never indicated what type of situation might fulfill the "good cause" requirement for "new evidence" remands.

Several other courts have considered the amended version of § 405(g). While several of these courts have applied the new version, the Court is aware of only three reported decisions which concern application of the "good cause" requirement for new evidence remands.[4] In *Cox v. Secretary of Department of Health and Human Services,* 521 F.Supp. 1295 (E.D.Pa.1981) the court held that a remand to the ALJ for consideration of new evidence was proper. The court there found that the ALJ's finding of no disability was not supported by substantial evidence. Because the new evidence would enhance the record on remand, the court felt it better if the ALJ heard the new information instead of simply reversing the decision on the substantial evidence issue. The court in *Cox* never explained why good cause was fulfilled in that case. Instead, the court there relied on language from the amendment's statutory history to the effect that the new "good cause" requirement should not preclude courts from remanding to correct procedural improprieties. *Id.,* at 1300.

In *Birchfield v. Harris,* 506 F.Supp. 251 (E.D.Tenn.1980) the court held that the claimant did not establish good cause for a remand to consider new evidence. The court took a very critical view of claimants who move for remands to the Secretary on the grounds of new evidence. Many claimants have used the new evidence gambit as an informal method of appealing an adverse ruling by the Secretary, according to the *Birchfield* court. Because of this tactic, many claimants might withhold medical reports, or at least not acquire them timely, with the idea of obtaining another "bite at the apple" if the Secretary decided that the claimant was not disabled. *Id.* at 252. The Court held that for a plaintiff to show good cause for the failure to incorporate new evidence into the administrative record, he or she should demonstrate some justification for the failure to acquire and present such evidence to the Secretary. *Id.,* at 253. Because the claimant there had made no such justification, the court denied a motion for the taking of additional evidence.[5]

The court in *Torres v. Harris,* 502 F.Supp. 518 (E.D.Pa.1980) looked to cases applying the older version of 405(g) in deciding that the claimant there had not shown good

*Watts* simply required that a claimant must explain why the evidence was not submitted previously.

4. Some courts have dealt with the amended version of § 405(g) in contexts distinguishable from the present one. Several have discussed remands for new evidence in light of the materiality of the evidence, while not discussing whether the claimant has made any showing of "good cause" as required under the amended statute. *Barnard v. Secretary of Health and Human Services,* 515 F.Supp. 690 (D.Md.1981); *Saunders v. Schweiker,* 508 F.Supp. 305 (W.D. N.Y.1981). Other Courts have dealt with the new § 405(g) simply as not prohibiting remands for procedural improprieties, and have not addressed the question of whether a claimant has made a good cause showing for a new evidence remand. *Aubeuf v. Schweiker,* 649 F.2d 107 (2d Cir.1981); *Rosario v. Secretary, Health and Human Services,* 512 F.Supp. 874, 878, n. 6 (S.D.N.Y.1981). Some courts have ordered remands for the taking of new evidence by relying on cases interpreting the older version of § 405(g). *Young v. Harris,* 507 F.Supp. 907, 912 (D.S.C.1981). These cases are particularly inapposite, in light of the congressional intent to change the standards for new

evidence remands. The Ninth Circuit seems to follow a standard first enunciated in *Wray v. Folsom,* 166 F.Supp. 390, 395 (W.D.Ark.1958). Under the test used in the Ninth Circuit, a claimant need not make such a technical and cogent showing of good cause as would justify vacating a judgment or the granting of a new trial, especially where no prejudice will result to either party and the new evidence is material. *See Goerg v. Schweiker,* 643 F.2d 582 (9th Cir.1981); *Lebus v. Harris,* 526 F.Supp. 56 (N.D.Cal.1981). The Court finds the Ninth Circuit approach unpersuasive in light of the changes made in § 405(g).

5. The court in *Birchfield* noted that there already exists an orderly procedure by which a claimant can seek to have new evidence considered by the Secretary. Regulations permit reopening of administrative proceedings as a matter of right for 12 months after the agency decision. The administrative proceedings can be reopened up to four years later upon a showing of good cause. *Califano v. Saunders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). 20 C.F.R. § 404.957, 404.958.

cause under the amended form of the statute. Nevertheless, the court there held that when a claimant has made no explanation why the evidence was not presented at the administrative hearing, when the claimant was represented at that hearing by counsel, and where the claimant has made no showing that the new evidence would not be cumulative, the new version of § 406(g) would not permit a remand. *Id.,* at 526–8.

■ Congress has redefined the "good cause" requirement of § 405(g) by the 1980 amendments. Now a claimant must show the materiality of any new evidence and must also explain why such material evidence was not presented in any prior proceeding. *Allen v. Schweiker,* 700 F.2d 799 (5th Cir.1981) (affirming a district court refusal to remand for new evidence without explaining the nature of "good cause"); *Barnard v. Secretary, Department of Health and Human Services,* 515 F.Supp. 690 (D.Md.1981) (refusing to remand because any new evidence was not material.) While some of the legislative history of this amendment does indicate congressional concern with the multitude of remands by district courts, Senate Report No. 96–408 *reprinted in* 3 U.S.Code & Admin.News (1980) at pp. 1277, 1366, 96th Cong., 2d Sess., the Court has found only one explanation concerning the type of situation in which good cause requires the taking of new evidence.

The conferees were told that sometimes procedural difficulties prevent the Secretary from providing the court with a transcript of the administrative proceedings. Such a situation is an example of what would be considered "good cause" for remand. Where, for example, the tape recording of plaintiff's oral hearing is lost or inaudible, or cannot otherwise be transcribed, or where plaintiff's files cannot be located or are incomplete, good cause would exist to remand the claim to the Secretary for appropriate action to produce a record which the courts could review under 205(g) of the act. It is the hope of the conferees *that remands on the basis of these breakdowns in the ad-*

*ministrative process should be kept to a minimum, so that persons appealing their decision are not unduly burdened by the resulting delay.* (emphasis added). H.Rept. 96–944 Conference Report on H.R. 3236 *reprinted in* 126 Cong.Rec. H3539, daily ed. May 13, 1980.

Congress clearly intended to cut back on the number of cases remanded by the district courts. *See* Senate Report 96–408, *supra.* The Conference Committee also indicated that good cause remands concerned only technical breakdowns in the administrative system. Congress clearly intended that good cause remands should be narrowly circumscribed, so that undue delays do not burden appeals in this type of case.

■ The Magistrate recommended remanding for the taking of this new evidence simply because the eight reports in question here were not made until after the administrative hearing. The Court is of the opinion that this is not the type of "good cause" required by Congress under the amended form of § 405(g). Plaintiff has not explained why these reports were not included in the record of the prior proceedings. *Chaney v. Schweiker, supra.* She has not shown why they were not presented to the Secretary under the late evidence procedures found in 20 C.F.R. §§ 404.957, 404.-958.

■ Claimants should not be able to get a new hearing after an adverse decision by the Secretary just by withholding certain reports, then asking for a remand on "new evidence" grounds. *Birchfield v. Harris, supra.* Even if this improper motive was not present here, there already exists an adequate method by which plaintiff could have presented this late evidence to the Secretary. Congress has expressed a desire that disability claims should be disposed of quickly, so that truly needy claimants may have their cases processed without the backlogs caused by needless remands for "new evidence." At some point in time, there must be a definite record upon which the Secretary can make a decision. If remands were permissible every time a party gathered new evidence which might affect

the outcome of his or her case, no determinations would ever occur. In order to facilitate the speedy disposition of meritorious claims, "new evidence" remands should be narrowly circumscribed.

 This case is already being remanded to the Secretary on the two other grounds expressed above. This factor does not alter the Court's treatment of the "new evidence" remand. When a case is remanded because of some procedural impropriety by the Secretary, or because some necessary evidence was not considered, this alone does not mean that the entire case may be re-opened for the taking of new evidence. Instead, this procedural type of remand merely instructs the Secretary to refine the decision making process. Just because the case is returning to the Secretary does not mean that all evidence unearthed subsequent to the original administrative hearing should be considered. Because of the congressional policies favoring speedy disposition of these type cases, and because of the need to set some definite date at which the Secretary can look at all the relevant evidence, the Court does not follow the Magistrate's recommendation to remand this case for the consideration of the eight late medical reports. On remand, the Secretary shall confine any redetermination to the first and third grounds expressed in the Magistrate's report.

This case shall be REMANDED to the Secretary who shall act in accordance with the directions expressed herein. Each party shall bear its own costs.

IT IS SO ORDERED at Tampa, Florida this 21st day of January, 1983.