Catherine SZUBAK, Appellant,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Appellee.**

No. 84–5146.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit 12(6) Sept. 11, 1984.

Decided Oct. 11, 1984.

---

Freeman & Bass, P.A., Newark, N.J., for appellant; Louis B. Chapman, Passaic, N.J., on brief; Joel M. Solow, Newark, N.J., of counsel.

W. Hunt Dumont, U.S. Atty., Trenton, N.J., for appellee; Irene Dowdy, Asst. U.S. Atty., on brief.

Before ADAMS, HIGGINBOTHAM and SLOVITER, Circuit Judges.

## OPINION OF THE COURT
PER CURIAM.

Catherine Szubak appeals from a district court's grant of summary judgment for the government in a review of a Social Security disability claim. We vacate and remand to afford the Secretary an opportunity to consider new evidence.

### I

Appellant Szubak is a 44 year old divorced mother of two. She was born in the Ukraine and was interned for a year during World War II in the Nazi concentration camp at Auschwitz. After emigrating to the United States in 1950, she attended school through the tenth grade, and thereafter worked as a waitress in Jersey City, New Jersey. In October 1981, Szubak filed an application for disability insurance benefits and supplemental security income benefits. She claimed disability because of visual impairment, polyneuritis, severe anxiety syndrome, and great pain. At the agency hearing, appellant offered the testimony of several treating physicians to substantiate her claims. The Administrative Law Judge (ALJ), in a decision affirmed by the Appeals Council in June 1983, found that Szubak's problems did not rise to the level of a "severe" impairment, the second step of the five-part disability evaluation. *See* 42 U.S.C. § 423(d)(2)(A) (1982).

Szubak sought review in the district court of the Secretary's decision denying benefits, pursuant to 42 U.S.C. § 405(g) (1982), alleging that the ALJ's findings were not based on substantial evidence. She argued in the alternative that five medical reports compiled after the Secretary's determination necessitated a remand for further consideration. The district

court granted summary judgment for the Secretary and Szubak appeals.[1]

## II

The Social Security Act states in part: [The Court] may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for failure to incorporate such evidence into the record in a prior proceeding ...

42 U.S.C. § 405(g) (1982).

As amended in 1980, § 405(g) now requires that to support a "new evidence" remand, the evidence must first be "new" and not merely cumulative of what is already in the record. *E.g., Bomes v. Schweiker,* 544 F.Supp. 72, 75–76 (D.Mass. 1982). Second, the evidence must be "material;" it must be relevant and probative. *E.g., Chaney v. Schweiker,* 659 F.2d 676, 679 (5th Cir.1981). Beyond that, the materiality standard requires that there be a reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination. *Id.; see also Bomes,* 544 F.Supp. at 76. An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition. *See Ward v. Schweiker,* 686 F.2d 762, 765 (9th Cir.1982). Finally the claimant must demonstrate good cause for not having incorporated the new evidence into the administrative record. *E.g., Brown v. Schweiker,* 557 F.Supp. 190 at 192 (M.D.Fla.1983).

We believe Szubak has made an adequate showing to justify a remand. The medical reports offered are clearly new in the sense that they were compiled after the Secretary's first decision, and therefore they could not have been presented at the hearing. *See Ward,* 686 F.2d at 764. Nor

are the reports merely cumulative of evidence in the record. For example, they set forth appellant's personal history in greater depth, including facts that relate directly to her alleged psychiatric problems. App. at 12, 14, 17. The reports also appear to corroborate substantially appellant's subjective complaints of great pain. App. at 12, 15, 18.

Moreover, it cannot be said that there is no possibility that the five new medical reports would have changed the outcome of the Secretary's decision. As noted, the new reports, especially those of Drs. Latimer, Friedman, and Ahmad, appear to corroborate appellant's subjective complaints of pain. Such corroboration is entitled to great weight by the ALJ. *Taybron v. Harris,* 667 F.2d 412 (3d Cir.1981). Regarding Szubak's vision problems, the ALJ found that the appellant had undergone "successful" eye surgery. Yet the new ophthamologist report suggests a 40% visual impairment of the right eye. While that alone may not qualify as a severe disability, impairments must be considered in combination, *Burnam v. Schweiker,* 682 F.2d 456, 458 (3d Cir.1982).

Similarly, all the physicians who originally examined Szubak agreed that she suffered from an anxiety condition. Her treating physicians found the condition to be severe and chronic, but the ALJ relied heavily on the original report of Dr. Nelson, the government psychiatrist, to label the problem not disabling. Significantly, Dr. Nelson's report stated:

This patient obviously is suffering from a lot of tension and pressures especially having two difficult teenaged daughters to deal with, but during the interview I saw no other signs of any gross emotional problems that would be of a disabling degree. However, it is quite clear that this patient is unable to function normally and that may be due to poor motivation or the reasons are not clear why but it is clear that regardless of her difficul-

---

**1.** Because of our decision to remand for the consideration of new evidence we need not ad-

dress appellant's claims of errors by the ALJ.

ties, she seemed unable to pick up herself and try to do something to help herself. Consequently, *her problems may have deeper roots than is visible in an interview.* The patient is capable of handling benefit payments in her own behalf. (Exhibit to App. at 107) (emphasis added).

The new medical reports, particularly that of Dr. Latimer, and the background information contained in there, may well supply the ALJ with a better understanding of Dr. Nelson's critical, but ambiguous, observation.

Finally, the statute also requires "some justification for the failure to acquire and present such evidence to the Secretary." *Brown,* 557 F.Supp. at 192. We recognize that claimants should generally be afforded only one fair opportunity to demonstrate eligibility for benefits under any one set of circumstances. Several courts have noted Congress' concern that a remand for "new evidence" without requiring some justification for not having offered the evidence at the initial hearing would turn the procedure into an informal, end-run method of appealing an adverse ruling by the Secretary. *Accord Berchfield v. Harris,* 506 F.Supp. 251 (E.D.Tenn.1980). A claimant might be tempted to withhold medical reports, or refrain from introducing all relevant evidence, with the idea of "obtaining another bite of the apple" if the Secretary decides that the claimant is not disabled. *Brown,* 557 F.Supp. at 192.

There is no evidence in the record that such is the case here. Szubak is now represented by counsel who entered the case after the ALJ's decision. Given the state of the administrative record, especially the ambiguous nature of Dr. Nelson's report and the great weight the ALJ accorded that report, appellant permissibly obtained further material evidence bearing on the issue of her disability. Under the particular facts of this case substantial questions of disability were raised by the reports of the Secretary's consultants. Consequently we believe that a remand here presents little danger of encouraging claimants to seek after-acquired evidence, and then to use such evidence as an unsanctioned "backdoor" means of appeal.

### III

The decision of the district court will be vacated, and the matter remanded for reconsideration of the new evidence.