

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-10-2002

# Raglin v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2729

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Raglin v. Comm Social Security" (2002). *2002 Decisions.* Paper 386.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/386

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-2729

DARLENE RAGLIN,

Appellant

v.

LARRY G. MASSANARI, ACTING
COMMISSIONER OF SOCIAL SECURITY

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 00-cv-01023)
District Judge: Honorable Gary L. Lancaster

Submitted Under Third Circuit LAR 34.1(a)
February 8, 2002

Before: SLOVITER, and AMBRO, Circuit Judges
SHADUR*, District Judge

(Opinion filed July 10, 2002)

OPINION

*Honorable Milton I. Shadur, Senior United States District Judge for the Northern
District of Illinois, sitting by designation.

AMBRO, Circuit Judge:

This case requires us to decide two questions. First, did substantial evidence
support an Administrative Law Judge's (ALJ's) decision to deny Darlene Raglin Social
Security benefits based on her claims of disability? Second, did the District Court
correctly refuse to remand Raglin's case for a new trial based on new evidence in her
case? We answer yes to both questions and thus affirm.

I.      Factual Background & Procedural History

Darlene Raglin has suffered from a variety of physical and psychological
conditions potentially affecting her ability to hold a job over the last ten to twelve years.
She applied for Supplemental Security Income (SSI) disability payments on March 30,
1993, and for Social Security Act (SSA) disability benefits on April 20, 1993. Both
applications were denied, and Raglin's motion for reconsideration was also denied. She
requested a hearing before an ALJ, which was held on November 13, 1997. The ALJ
denied Raglin's application on September 11, 1998, finding that she "was not under a
'disability,' as defined in the Social Security Act, at any time through the date of this
decision." Raglin appealed this judgment to the Appeals Council, which denied review
on March 21, 2000. Because no review occurred, the ALJ's decision became the final
decision of the Commissioner. Sims v. Apfel, 530 U.S. 103, 107 (2000).

Left with no administrative remedies, Raglin filed a federal action challenging the ALJ's decision. She claimed that new evidence warranted a remand to the Social Security Commissioner for a reconsideration of her 1993 claims. The District Court granted the Commissioner summary judgment in that action on April 29, 2001. Raglin now appeals the District Court's decision.

Separately, Raglin had filed a new application for disability payments on March 15, 2000. That application included new evidence that Raglin had compiled from other doctors in recent years. On July 5, 2000, the SSA determined that Raglin was disabled based on the current evidence and awarded her SSI disability payments dating back to the March 15, 2000 application. The new evidence presented with the 2000 application overlaps with the new evidence that Raglin claims warrants a remand for reconsideration of her 1993 claims.

## II.     Standard of Review

On the issue of substantial evidence, our review is highly deferential. 42 U.S.C. 405(g) provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." Substantial evidence means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). We must give deference to the agency's "inferences from facts if those inferences are supported by substantial evidence, 'even [where] this court acting de novo might have reached a different conclusion.'" Mounsour Med. Ctr. v. Heckler, 806 F.2d 1185,1190-91 (3d Cir. 1986). In applying this deferential standard, moreover, we consider only evidence actually presented to the ALJ. "[E]vidence that was not before the ALJ cannot be used to argue that the ALJ's decision was not supported by substantial evidence." Matthews v. Apfel, 239 F.3d 589, 594 (3d Cir. 2001).

On the issue of remand based on new evidence, this Court has not determined under what standard to review the District Court's decision not to remand to the Commissioner for consideration of new evidence. In a similar case, however, we reviewed for abuse of discretion the District Court's denial of a motion to remand to the Appeals Board of the Department of Health and Human Services based on new evidence. Com. of Pa., Dept. of Public Welfare v. United States Dept. of Health and Human Services, 80 F.3d 796, 810 (3d Cir. 1996). We shall follow this course and review for abuse of discretion here.

## III.     Discussion

### A.   Substantial Evidence

The deference afforded by the substantial evidence test favors the ALJ's decision in this case. The crux of our review is whether the ALJ properly and fairly considered the evidence presented and whether she adequately explained the basis for her decision. To facilitate appellate review, "the ALJ must indicate in his decision which evidence he has rejected and which he is relying on as the basis for his finding." Schaudeck v. Commissioner of Social Sec. Admin., 181 F.3d 429, 433 (3d Cir. 1999). Although the ALJ may ultimately find the testimony not credible, she must "give great weight to a claimant's subjective testimony of the inability to perform even light or sedentary work when this testimony is supported by competent medical evidence." Id.

With this standard in mind, we cannot say that the ALJ here lacked substantial evidence to find Raglin not disabled. The existence of a medical condition does not alone demonstrate a disability for purposes of the Social Security Act. See Petition of Sullivan, 904 F.2d 826, 845 (3d Cir. 1990). Thus, the ALJ's inquiry does not focus simply on whether Raglin suffers from the various physical or psychological conditions in question. Rather, the issue is whether those conditions not only exist but also result in a functional disability that prevents Raglin from obtaining substantial gainful employment in the national economy.

In this case, the ALJ issued a multi-page decision in which she considered the various medical reports, focusing first on exertional restrictions and then on non-exertional restrictions relating to Raglin's ability to obtain substantial gainful employment. Far from ignoring Raglin's subjective testimony, the ALJ frequently credited it even when the overall evidence was ambiguous. She accepted, for example, that Raglin suffered from dyslexia which imposed some functional restrictions on her reading, even though a doctor's report "did not report any significant problems with reading or intellectual functioning." Moreover, Raglin reported reading as one of her

activities. Likewise, in the areas in which she rejected Raglin's claims, the ALJ supported her conclusions with both extensive objective evidence and her personal observations. In finding, for example, that Raglin does not suffer from total disabling pain, she relied on "her appearance and demeanor at the hearing, her regular activities, her limited use of pain medication, the paucity of positive diagnostic laboratory studies, the results of two psychiatric consultative evaluations, and treatment notes from the claimant's mental health counseling center." Finally, the ALJ viewed the facts sufficiently in Raglin's favor to conclude that she could not resume her previous jobs as a floral clerk, housekeeper, or cashier.

Raglin argues that we should conduct a plenary review of the medical records and reach our own medical conclusions. Appellant's Br. at 24 ("Ultimately this Court performs a plenary review of the administrative record . . . ."). We are not permitted to conduct such a review. As noted above, our standard of review is whether the ALJ's factual determinations are supported by substantial evidence. The ALJ's findings here are well supported. She carefully evaluated the various medical reports and the other evidence presented to her, along with Raglin's subjective complaints.

B.    New Trial Remand

Raglin's new evidence does not entitle her to a remand to the Commissioner for a new trial. Most of it does not refer to the relevant time period covered by the ALJ's 1998 decision, and the evidence that does refer to that time period does not add any substantially new information. The new evidence consists of the following seven items:

    1.    The July 5, 2000 notice of award from the Social Security Administration on Raglin's March 15, 2000, application. That notice stated, "You were disabled on March 2000."

    2.    A Residual Functional Capacity Assessment, dated May 25, 2000, from Sanford Golin, Ph. D.  That assessment is marked as a "Current Evaluation." It concludes that Raglin has limited abilities to maintain concentration and keep a schedule, but can "sustain an ordinary routine without special supervision" and can "work in coordination" with others and "make simple work-related decisions."

    3.    A Psychological Consultive Examination Report, dated May 19, 2000, from Charles M. Cohen, Ph.D.  That report concluded that "this woman has been depressed for the past nine years." Dr. Cohen also found that Raglin would "be incapable of coming to work on time, of dealing effectively with authority figures or peers or concentrating well enough to perform even simple repetitive tasks."

    4.    Mercy Hospital of Pittsburgh medical records from 12/24/01 to 1/16/92 diagnosing major recurrent depression.

    5.    Records from Northern/Southwest Community, St. John's Health & Hospital Ctr., dated March 11, 1991.  This exhibit also contains psychiatric treatment progress notes starting in 1997, which apparently describe a history of major depression.

    6.    Documents, dated May 31, 2000, from Joseph P. Decker, Esquire (Raglin's attorney), containing a daily activities report, work history report, and April 12, 2000, medical statement by Dr. Victor Adebimpe.

    7.    Evaluation Letter Report of Barbara R. Monroe, the Adult Program Director of the Association for Children and Adults with Learning Disabilities, Inc., dated May 31, 2000.  It confirms that she has language-based learning disabilities.

The standard for a remand for new trial derives from 42 U.S.C.   405(g), which states in relevant part:

        The court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is

new evidence which is material and that there is good cause for the failure
to incorporate such evidence into the record in a prior proceeding[.]

42 U.S.C. 405(g). In Szubak v. Sec'y of Health and Human Services, 745 F. 2d 831 (3d Cir. 1984), we elaborated on this standard. We stated that the evidence "must first be 'new' and not merely cumulative of what is already in the record." 745 F.2d at 833. It must also be material, meaning that it is "relevant and probative" and there is a "reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination." Id. "An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition." Id.

The new evidence in the Szubak case consisted of five new medical reports that cast considerable doubt on the accuracy of the earlier medical reports relied upon to deny benefits. The ALJ in that case had placed considerable weight upon the conclusion of a single doctor that the claimant's medical condition was not disabling. In this case, by contrast, the new evidence is largely repetitive of the evidence in the record. Although it confirms that Raglin has suffered from recurrent depression and learning disabilities, the ALJ did not deny the existence of those conditions. She simply concluded that they did not prevent Raglin from obtaining substantial gainful employment. The new reports do not effectively refute this. Even Dr. Cohen's report states only that Raglin would be incapable of working in the future, but does not evaluate her ability to work in the past. Her condition may have been less severe in the past, considering that psychological reports from that time did not indicate an inability to work and suggested that she had basic social skills and decision-making abilities. Moreover, most of the new evidence Raglin seeks to present does not even relate to the time period considered by the ALJ in reaching his September 1998 decision. The new evidence Raglin presents is therefore not material.

Moreover, the fact that the SSA eventually awarded Raglin benefits on her March 15, 2000 application does not affect our conclusion. That an agency reaches different decisions at different times under different circumstances does not mean that the first decision was not supported by substantial evidence or that the agency's refusal to remand for a new trial amounts to an abuse of discretion.

                         *   *   *   *   *
The SSA's decision was supported by substantial evidence. Likewise, Raglin has not satisfied the requirements for a new trial based on new evidence. Thus, we affirm the District Court's judgment.


TO THE CLERK:

    Please file the foregoing Opinion.



                         By the Court,



                         /s/ Thomas L. Ambro
                         Circuit Judg