

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-10-2003

# Smith v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1266

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Smith v. Comm Social Security" (2003). *2003 Decisions.* Paper 122.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/122

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-1266

KATHY A. SMITH

v.

THE COMMISSIONER OF SOCIAL SECURITY

Kathy Smith,

Appellant

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

(Dist. Court No. 02–cv-00021E)
District Court Judge: Honorable Sean J. McLaughlin

Submitted Under Third Circuit LAR 34.1(a)
October 23, 2003

Before: ALITO, FUENTES, and BECKER Circuit Judges

(Opinion Filed: November 7, 2003)

OPINION OF THE COURT

:

As we write for the parties only, we do not set out the background of this case. We find that none of Smith's grounds for appeal have merit and so we affirm the order and opinion of the District Court.

Smith first claims that her counsel's silence at the administrative hearing rendered her a *de facto pro se* applicant, triggering a heightened responsibility for the ALJ to fully and fairly develop the record. Smith claims the ALJ failed to fulfill this duty. "ALJs have a duty to develop a full and fair record in social security cases. Accordingly, an ALJ must secure relevant information regarding a claimant's entitlement to social security benefits." Ventura v. Shalala, 55 F.3d 900, 902 (3d Cir. 1995)(citations omitted). We find that the ALJ developed a full and fair record in this case. Contrary to Smith's claim that the record was sparse, the ALJ had in front of him the notes of two treating physicians, an evaluation by an ALJ appointed physician, and the opinion of two state agency physicians, all of whom examined Smith as to her alleged problems. The ALJ also had objective evidence in the form of radiographs and spirometry studies and subjective evidence from Smith's forms and testimony. The ALJ was not required to ask minute details about Smith's mental health and daily routines in order to establish a full and fair record. The evidence before the ALJ was thorough enough to make the determination.

2

Smith next claims that the ALJ should not have discounted her testimony without further developing the record. As stated above, though, the record was full and fair. In addition to the forms she filled out, Smith's testimony runs about eight pages in the record. Furthermore, most of the evidence that Smith claims is lacking in her testimony appears in the record in other forms.

An ALJ's determination of credibility is afforded "strong deference." See N.L.R.B. v. Permanent Label Corp., 657 F.2d 512, 518 (3d Cir. 1981). Here the ALJ's reason for discounting Smith's subjective statements was reasonable, specific, and based on the evidence. The ALJ found that:

> [w]hen considering the record in its entirety, the claimant's residual functional capacity is not as limited as the claimant alleges. She describes her pain as "very sharp" and "constant," but the objective medical evidence does not support the severity of the claimant's alleged pain. Insofar as the claimant's statements are inconsistent with the residual functional capacity found herein, her testimony is not wholly credible.

App. at 61. As such, Smith's second argument has no merit.

Smith next argues that the ALJ's determination was against the weight of the evidence. An ALJ's determination must be upheld if it is supported by substantial evidence. See 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). Here, the ALJ relied on the opinions of no fewer than

3

five doctors in deciding that Smith was not entitled to benefits. None of the reports showed evidence of a disability that would prevent Smith from working at the various jobs the ALJ identified for her. Some exams even found that the alleged source of her pain was "normal," "mild," and "unremarkable." Indeed, the only thing the medical records reveal is that Smith constantly complained of pain and that, when and if the doctors did find problems, the problems were unremarkable and did not correspond to the level of her complaints.

Smith's final ground for appeal is that the District Court erred by not remanding to the ALJ in light of new evidence. This argument is also without merit. Evidence that is not in front of the ALJ cannot be used to argue that the ALJ's decision was erroneous. See Jones v. Sullivan, 954 F.2d 125, 128 (3d Cir. 1991). Nevertheless, when there is evidence that is "new and material and ... there [is] good cause why it was not previously presented to the ALJ," the District Court may remand to the Commissioner for reconsideration in light of the new evidence. Matthew v. Apfel, 239 F.3d 589, 593 (3d Cir.)(citations omitted). "Good cause" requires the applicant to articulate a justification for having failed to present the evidence to the ALJ. See Szubak v. Sec. of Health and Human Serv., 745 F.2d 831, 833-834 (3d Cir. 1984).

Smith presented the District Court with medical documents that she obtained after the administrative hearing. The District Court found that the all the documents were "new" and some were "material," but there was no "good cause" as to why any of them

4

could not have been prepared and submitted to the ALJ.  <u>See</u> App. 1(r)-1(s).  The District

Court's reasoning is persuasive:

> [R]emand ... is inappropriate because Smith has not demonstrated good
> cause for her failure to present this evidence to the ALJ.  For example, the
> aortogram and arterial studies performed on January 11, 2000 were
> recommended by Smith's treating physician ...  as early as ... one month
> prior to the July 13, 1999 administrative hearing.  Smith provides no
> explanation as to why this test could not have been conducted, and the
> results obtained, in time for the ALJ to consider them.  In fact, because the
> need for the test was known to Smith well in advance of the administrative
> hearing, Smith could have specifically requested that the record remain
> open long enough for her to obtain the test results, even if they were not
> available as of the date of the hearing.

App. 1(s).  The District Court's analysis of the lack of good cause for the other documents

in similarly persuasive.  Smith has never offered any reason why the documents were not

presented at the ALJ hearing.  As such, we cannot remand.  <u>See</u> <u>Szubak v. Sec. of Health</u>

<u>and Human Serv.</u>, 745 F.2d 831, 833-834 (3d Cir. 1984).