Kathleen BEETY–MONTICELLI,
Appellant

v.

COMMISSIONER OF SOCIAL
SECURITY.

No. 09–1224.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) Before: Aug. 25, 2009.

Opinion filed: Aug. 28, 2009.

Kathleen Beety–Monticelli, Bergenfield, NJ, pro se.

Kimberly L. Schiro, Esq., Office of United States Attorney, New York, NY, for Appellee.

Before: MCKEE, HARDIMAN and COWEN, Circuit Judges.

## OPINION

PER CURIAM.

Kathleen Beety–Monticelli, proceeding *pro se*, appeals from the District Court decision affirming the Commissioner's denial of her applications for Social Security benefits. She also appeals from the denial of her motion for reconsideration. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 42 U.S.C. § 405(g).

### I

The District Court's December 2008 letter opinion explains in detail the relevant factual background of this case. Briefly, Beety–Monticelli is a 31–year–old woman who suffers from Factor V Leiden gene mutation ("Factor V Leiden"), a genetic disorder that causes excessive bleeding and clotting. She first experienced problems from the disorder in 1995—although she was not diagnosed with Factor V Leiden until later—when she was diagnosed with a deep vein thrombosis ("DVT"), a condition causing severe leg pain and swelling. Recurring leg and pulmonary discomfort over the years, including a pulmonary embolus, caused her to seek treatment for her condition, and doctors have managed the clotting disorder with a regimen of anticoagulant drugs.

Notwithstanding her doctors' present ability to manage her clotting disorder, Beety experienced, and still experiences, severe discomfort that limits her ability to perform physical labor or stand or sit for prolonged periods of time. As a result, Beety–Monticelli claims that she has been disabled since May 9, 1996. She worked from 1993 to 1995 as a daycare worker. She last worked in 2000 as a fast food restaurant cashier.

In 2002, Beety–Monticelli filed for Social Security Disability Insurance Benefits ("DIB"). She later applied for Social Security Child's Insurance Benefits ("CIB"). Both claims were denied initially and upon reconsideration. Beety–Monticelli, represented by counsel, requested an administrative hearing. Beety–Monticelli presented the following evidence to the ALJ: medical records from 1999 documenting an elevated prothrombin time; testimony about her discomfort and limited ability to move and perform common tasks; medical records from two occasions in 1999 documenting the absence of a leg thrombosis or pulmonary embolus [1]; and voluminous records—dated 2000 and after—from three doctors, documenting her anticoagulant treatments, their effectiveness in managing her clotting disorder, and her overall physical condition. Following the hearing, the ALJ found that Beety–Monticelli was not disabled during the relevant time periods. That decision became final when the Appeals Council denied review in October 2006. *See Matthews v. Apfel,* 239 F.3d 589, 592 (3d Cir.2001).

---

1. It is evident from the medical records that the test for a pulmonary embolus was conducted in part because Beety–Monticelli suffered a pulmonary embolus in 1997.

Beety–Monticelli, acting *pro se,* sought review in the District Court. In support of her claim, Beety–Monticelli submitted additional medical records not considered by the ALJ.[2] She contended that those records, which related to her 1995 DVT diagnosis and treatment, provided a basis for the District Court to remand her case to the ALJ for further consideration. In a letter opinion, the District Court affirmed the Commissioner's decision, reasoning that the ALJ's determination was supported by substantial evidence. The District Court also reasoned that the newly submitted medical records provided no basis for remand. Beety–Monticelli sought reconsideration, which was also denied. She now appeals from those decisions.

## II

In reviewing the District Court's decision affirming the ALJ, the role of this Court is identical to that of the District Court: that is, to determine whether substantial evidence supports the Commissioner's decision. *Plummer v. Apfel,* 186 F.3d 422, 427 (3d Cir.1999). Our review of the District Court decision is plenary, but we are bound by the ALJ's factual findings if they are supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Burns v. Barnhart,* 312 F.3d 113, 118 (3d Cir.2002). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate." *Burns,* 312 F.3d at 118 (internal citations and internal quotation marks omitted). Further, "we are not permitted to weigh the evidence or substitute our own conclusions for that of the fact-finder." *Id.*

To demonstrate entitlement to DIB benefits, a claimant must show that she became disabled before the expiration of her insured status under the program.[3] *See* 42 U.S.C. § 423(a)(1)(A) and (c)(1); *Kane v. Heckler,* 776 F.2d 1130, 1131 n. 1 (3d Cir.1985); 20 C.F.R. § 404.320. Entitlement to CIB benefits requires that a claimant show, *inter alia,* that she became disabled before her twenty-second birthday.[4] *See* 42 U.S.C. § 402(d). To establish a disability under the Social Security Act, a claimant must demonstrate there is some "medically determinable basis for an impairment that prevents him from engaging in any 'substantial gainful activity' for a statutory twelve-month period." *Kangas v. Bowen,* 823 F.2d 775, 777 (3d Cir. 1987) (citing 42 U.S.C. § 423(d)(1)).

The Commissioner follows a five-step analysis in evaluating disability claims. *See* 20 C.F.R. § 404.1520. If a finding of disability or non-disability may be made at any stage in the analysis, the Commissioner does not proceed with the remaining steps. § 404.1520(a)(4). In the first step, the Commissioner considers whether a claimant is engaging in substantial gainful activity. § 404.1520(b). If not, the Commissioner determines whether the claimant suffers from a severe impairment. § 404.1520(c). If the claimant suffers from a severe impairment, that impairment must meet or equal the severity of a qualified impairment identified in the regulations. § 404.1520(d). If the claimant's impairment does not meet or equal a listed impairment, the Commissioner must determine whether the claimant retains a residual functional capacity ("RFC") to perform past relevant work, as defined by 20

---

**2.** Beety–Monticelli actually submitted these records to the U.S. Attorney's Office in July 2008, while the District Court action was pending. As a courtesy, the Defendant–Appellee submitted those records to the District Court.

**3.** Beety–Monticelli's insured status expired on June 30, 1998.

**4.** Beety–Monticelli turned 22 on November 18, 1999.

C.F.R. § 404.1560(b). § 404.1520(e). If the claimant is capable of performing past relevant work, she is not considered disabled under the Social Security regulations. § 404.1520(f).

Applying this framework, the ALJ determined that Beety–Monticelli was not engaged in "substantial gainful activity" after the alleged onset date, and that she suffered from a severe impairment. Neither conclusion is in dispute here. The ALJ also found that Beety–Monticelli's impairments did not meet or equal the criteria for qualifying impairments because the medical records presented by Beety–Monticelli did not contain the specific medical findings required to satisfy the regulations. As the District Court correctly noted, only one listed impairment—found at Listing 4.11 of 20 C.F.R. Part 404, Subpart P, Appendix I—is analogous to Beety–Monticelli's Factor V Leiden condition, and she does not claim to suffer from the specific conditions articulated therein.

■ Next, we turn to the ALJ's determination that Beety–Monticelli retained sufficient RFC to prevent her from working at her past job as a fast food restaurant cashier. The ALJ first noted the absence of evidence, save for records of a minor problem in March 1997,[5] that Beety–Monticelli was disabled during the relevant periods. He also noted that Beety–Monticelli's post–2000 medical records demonstrate an absence of persistent or frequent severe complications related to Factor V Leiden. The ALJ considered Beety–Monticelli's subjective complaints, but noted that no credible evidence of a disabling medical condition existed.

The only additional evidence Beety–Monticelli offered in support of her disability claim was the statements of two doctors, Dr. Schwartz and Dr. Plauka. Dr. Schwartz opined that Beety–Monticelli had been unable to engage in prolonged sitting, standing, or walking since 1995. However, the ALJ justifiably determined that the doctor's opinion lacked credibility, as he had treated Beety–Monticelli only since 2002 and thus lacked firsthand knowledge of her earlier condition. Moreover, Dr. Schwartz's opinion was contradicted by the medical reports of Beety–Monticelli's other treating physicians, who noted that her anticoagulant therapy was helping her condition.

Likewise, the ALJ reasonably found that Dr. Plauka's conclusion in 2003 that Beety–Monticelli was limited from prolonged standing and walking lacked probative value. Dr. Plauka's statement shed no light on Beety–Monticelli's condition prior to June 1998 or November 1999.

Based on the available evidence, the ALJ concluded that Beety–Monticelli failed to demonstrate that her medical problems precluded her from working before the expiration of her insured status or before her twenty-second birthday. Specifically, the ALJ determined that although Beety–Monticelli's clotting disorder limited her ability to lift heavy objects, thereby precluding her from performing daycare jobs, her RFC permitted her to work as a cashier, which merely required Beety–Monticelli to stand and walk for long periods of time. Considering the ALJ's thorough analysis of the record, we agree with the District Court that the

---

5. The minor problem referred to by the ALJ was Beety–Monticelli's treatment for elevated prothrombin times. However, as Beety–Monticelli argued in her motion to reconsider, she also presented evidence that she suffered a pulmonary embolus in March 2007. Never-

theless, for the reasons discussed in section IV, below, we do not think the fact that the ALJ did not specifically mention Beety–Monticelli's pulmonary embolus undermines the determination that Beety–Monticelli was not disabled.

ALJ's determination was supported by substantial evidence.

## III

■ Construing her *pro se* filings liberally, we read Beety–Monticelli's appeal to include a challenge to the District Court's decision not to remand based on newly submitted evidence.[6] The sixth sentence of 42 U.S.C. § 405(g) ("sentence six") permits a reviewing court to remand a case when new evidence becomes available, "but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." § 405(g). Thus, the proffered evidence must be both "new" and "material." *See Szubak v. Sec'y of Health and Human Servs.*, 745 F.2d 831, 833 (3d Cir.1984). To be material, there "must be a reasonable probability that the new evidence would have changed the outcome" of the Commissioner's decision. *Id.* Finally, the claimant must show good cause for her failure to submit the evidence in an earlier proceeding. *See id.*

Beety–Monticelli presented to the District Court numerous records documenting her treatment in 1995 for DVT, as well as records from follow-up visits. The District Court determined that remand under sentence six was not warranted because Beety–Monticelli's submissions merely supported evidence already in the record—i.e., she suffered from a DVT before her alleged date of disability and was diagnosed with Factor V Leiden. As such, the evidence was not material because there was not a reasonable probability that it would

have changed the ALJ's disability determination. We agree.

## IV

■ Finally, we turn to the denial of Beety–Monticelli's motion for reconsideration. To prevail on a motion for reconsideration, a litigant must demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence ...; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). We review the denial of a motion to reconsider for abuse of discretion. *See Caver v. Trenton*, 420 F.3d 243, 258 (3d Cir.2005). In her motion for reconsideration, Beety–Monticelli argued that she had provided sufficient medical records to support her claim for relief.[7] Specifically, she noted that she provided evidence that she suffered from a pulmonary embolus in 1997, and contended that because the ALJ did not mention those records in his opinion, he must not have considered them. We disagree. Although an ALJ must provide a logical connection between the evidence considered and the conclusion that the claimant is not disabled, he need not mention every piece of evidence in the record. *See Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir.2008). The District Court reasoned that Beety–Monticelli's 1997 pulmonary embolus—which was treated and did not recur—was significant in that it supported the ALJ's conclusion that she suffered a severe impairment. However, the existence of the

6. As the Appellee correctly notes, we have not issued a precedential decision announcing what standard of review we apply to a District Court's decision not to remand under sentence six of 42 U.S.C. § 405(g). We need not decide that issue in this case, as the District Court's reasoning was appropriate under any conceivably applicable standard.

7. Beety–Monticelli also sought to correct factual errors, such as her last date of employment, which were misprinted in the District Court's letter opinion. The District Court appropriately noted its mistakes. Clearly, none of these alleged errors impacts the validity of the District Court's decision.

condition, viewed in light of the other medical evidence, did not undermine the ALJ's determination that she retained sufficient RFC to perform her job as a cashier. In short, the District Court reasoned, Beety–Monticelli failed to satisfy the standard for reconsideration. Beety–Monticelli provides no good reason to question that assessment.

Accordingly, we will affirm the decision of the District Court. Beety–Monticelli's motion to supplement the record is denied.