**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3593
_____

T.C., on behalf of Z.C., a minor child,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the District of New Jersey
(No. 2-10-cv-05229)
District Judge:  Hon. William J. Martini

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 11, 2012
_____

Before:  SMITH, CHAGARES, and GARTH, Circuit Judges.

(Filed: September 17, 2012)
_____

OPINION
_____

CHAGARES, Circuit Judge.

        T.C., on behalf on her minor son Z.C., appeals the District Court's affirmance of

an Administrative Law Judge's ("ALJ") conclusion that Z.C. was not disabled within the

meaning of section 1614(a)(3)(C) of the Social Security Act, 42 U.S.C. § 1382c(a)(3)(C). For the reasons that follow, we will affirm the order of the District Court.[1]

I.

We write for the parties' benefit and recite only the facts essential to our disposition. T.C. protectively filed an application for supplemental security income on behalf of Z.C. on August 16, 2007, alleging disability due to a learning disability and asthma.[2] He was later diagnosed with attention deficit hyperactivity disorder (ADHD). Appendix ("App.") 93. Z.C.'s claim was denied initially and upon reconsideration on July 8, 2008. Upon Z.C.'s request, the ALJ held a hearing on November 13, 2009. At the hearing, the ALJ heard testimony from T.C. about Z.C.'s ability to follow instructions and to focus, both at home and in school. In addition to T.C.'s testimony, the ALJ relied on medical and other non-medical evidence in the record.

The ALJ issued his opinion on December 10, 2009, finding that Z.C. had not been under a disability within the meaning of the Social Security Act since his application was filed on August 16, 2007. Z.C. requested review by the Appeals Council, which on August 12, 2010 denied the request for review; thus, the ALJ's decision was the final agency decision. T.C., on behalf of Z.C., then filed suit in District Court. The District Court affirmed the ALJ's decision. This appeal followed.[3]

---

[1] We note with gratitude that T.C. was represented in this matter by the Child Advocacy Clinic at Rutgers School of Law – Newark.

[2] The ALJ concluded that Z.C. did not have a severe impairment for asthma and T.C. does not challenge that conclusion on appeal.

[3] We received a motion to supplement the record from T.C. and will deny it primarily because the period for which T.C. is seeking relief is 2007 to 2009, while the documents

2

II.

The District Court had jurisdiction pursuant to 42 U.S.C. §§ 405 and 1383(c)(3). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the factual findings of the Commissioner to determine whether the administrative record contains substantial evidence for its findings. Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence means "'more than a mere scintilla'" and is evidence which "'a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).

The Federal Supplemental Security Income program provides benefits to disabled individuals who meet certain statutory income and resource limitations. 42 U.S.C. § 1381. The statute provides that a child under 18

> shall be considered disabled for the purposes of this subchapter if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 1382c(a)(3)(C)(i). The Commissioner's regulations require a three-step analysis to determine whether a child is disabled: (1) that the child is not working; (2) that the child had a "severe" impairment or combination of impairments; and (3) that the impairment, or combination of impairments, was of Listing-level severity, meaning the impairment(s) met, medically equaled or functionally equaled the severity of an

---

with which T.C. sought to supplement the record pertain to a subsequent finding of a disability commencing in 2011.

3

impairment in the Listings.  20 C.F.R. § 416.924(a).  The regulations provide that functional equivalence to the severity of an impairment in the Listings may be determined based on domains of functioning.  20 C.F.R. § 416.926a.  A medically determinable impairment or combination of impairments functionally equals a listed impairment if it "result[s] in 'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain."  Id. § 416.926a(a).  A child's functional limitations are considered in terms of six domains:  "(i) Acquiring and using information; (ii) Attending and completing tasks; (iii) Interacting and relating with others; (iv) Moving about and manipulating objects; (v) Caring for yourself; and, (vi) Health and physical well-being."  Id. § 416.926a(b)(1).  A limitation is "marked" when it "interferes seriously with your ability to independently initiate, sustain, or complete activities" and marked means "more than moderate but less than extreme."  Id. § 416.926a(e)(2)(i).

The ALJ found that Z.C. was not working at step one.  At step two, the ALJ found that Z.C. had two severe impairments:  ADHD and a learning disorder.  Administrative Transcript ("Tr.") 26. [4]  At step three, the ALJ found that Z.C. did not have an impairment or combination of impairments that met, medically equaled or functionally equaled one of the listed impairments.  Tr. 29.  The ALJ specifically considered whether Z.C.'s ADHD met Listing 112.11 for ADHD and found that it did not.  Tr. 29.

T.C., on behalf of Z.C., raises four issues on appeal.  We address each in turn.

---

[4] T.C. submitted an appendix that she asserts contains the same documents as were contained in the administrative record.  T.C. Reply Br. 5 n.1.  For the sake of clarity and consistency, however, we cite to the certified administrative transcript filed by the Commissioner.

A.

T.C. argues that the District Court erred in affirming the ALJ because the ALJ failed to consider the effects of structured and supportive settings on the effects of Z.C.'s impairments on his functioning, pursuant to 20 C.F.R. § 416.924a(b)(5). We do not agree.

The District Court held that the ALJ "adequately considered the structured setting in which Z.C. had been placed along with Z.C.'s ability to function outside of such settings." App. 21. The District Court noted the ALJ's statement that he "evaluated the 'whole child' in making findings regarding functional equivalent," pursuant to 20 C.F.R. § 416.924a(b). Tr. 30. The ALJ noted "I have first evaluated how the child functions in all settings and at all times, as compared to other children the same age who do not have impairments." Tr. 30. We reject T.C.'s argument that the District Court erred in affirming the ALJ because the ALJ did not consider the effects of a structured setting on Z.C.'s functioning and how Z.C. functioned without the structured setting because the District Court correctly found that the ALJ recognized that: "(1) Z.C. had been referred to his school's resource center for assistance, (2) 'had difficulty with functioning independently,' (3) had 'trouble following instructions and focusing in school and at home,' (4) had been given a 'full time aide to assist him in school' and (5) that 'he is attending speech and occupational therapy two times per week in a self-contained special education classroom.'" App. 21 (quoting Tr. 28-30). We hold that the District Court did not err in finding that the ALJ sufficiently analyzed Z.C.'s function both inside and outside of a structured environment and, thus, will affirm on this ground.

5

B.

The ALJ examined whether Z.C. met the listing severity for ADHD, Listing

112.11, which provides

> Attention Deficit Hyperactivity Disorder: Manifested by developmentally
> inappropriate degrees of inattention, impulsiveness, and hyperactivity.
>     The required level of severity for these disorders is met when the
>     requirements in both A and B are satisfied.
>     A. Medically documented findings of all three of the following:
>             1. Marked inattention; and
>             2. Marked impulsiveness; and
>             3. Marked hyperactivity;
>     And B. . . . for children (age 3 to attainment of age 18), resulting in
>     at least two of the appropriate age-group criteria in paragraph B2 of
>     112.02.

20 C.F.R. pt. 404, subpt. P, App. 1, Listing 112.11.  The ALJ found that Z.C. did not

meet Listing 112.11.

T.C. argues that the ALJ's analysis amounted to a "conclusory statement . . .

beyond meaningful judicial review."  Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d

112, 119-20 (3d Cir. 2000) ("Because we have no way to review the ALJ's hopelessly

inadequate . . . ruling, we will vacate and remand the case for a discussion of the

evidence and an explanation of reasoning supporting a determination that Burnett's

'severe' impairment does not meet or is not equivalent to a listed impairment."); see T.C.

Reply Br. 1.  However, this Court has noted that "Burnett does not require the ALJ to use

particular language or adhere to a particular format in conducting his analysis.  Rather the

function of Burnett is to ensure that there is sufficient development of the record and

explanation of findings to permit meaningful review."  Jones v. Barnhart, 364 F.3d 501,

505 (3d Cir. 2004).  In this case, the ALJ provided a synopsis of his findings, which the

6

District Court held was sufficient for meaningful judicial review. We agree. Read as a whole, the ALJ's synopsis provides adequate explanation of the factors the ALJ used to determine whether Z.C.'s ADHD did not meet Listing 112.11 and the ALJ's conclusion was supported by substantial evidence.

T.C. also argues the ALJ's finding that Z.C. did not functionally equal the listing because he had less than marked limitation or no limitation in the domains of completing tasks, and interacting and relating with others, was not supported by substantial evidence. We disagree. As the District Court noted, the record is "rife with examples of Z.C.'s ability to successfully interact with his peers and adults." App. 23. Further, the ALJ recognized that while Z.C. had "some difficulty focusing and completing tasks . . . . [h]e is able to complete his work with proper focus." Tr. 33. In support of this conclusion, the ALJ cited Exhibit 10F, which contained school records for Z.C., which the ALJ discussed in detail earlier in his opinion. The ALJ also noted that the doctor from disability determination services ("DDS") assessed Z.C.'s functional domains and the ALJ held that the medical and non-medical record was consistent with that assessment. Tr. 31. Read as a whole, the ALJ's conclusion that Z.C.'s impairments did not functionally equal the listed impairment is supported by substantial evidence.

C.

T.C. next argues that the ALJ failed to give greater weight to Z.C.'s treating physicians, as provided in 20 C.F.R. § 416.927(d)(2) (2011) ("Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your

7

medical impairment(s) . . . .").[5]  This Court has held that "[t]reating physicians' reports should be accorded great weight, especially 'when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time.'"  Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999) (quoting Rocco v. Heckler, 826 F.2d 1348, 1350 (3d Cir. 1987)).

The District Court properly found that the ALJ gave appropriate weight to Z.C.'s treating physicians.  The ALJ noted Z.C.'s ADHD and learning disability diagnoses.  Tr. 31.  The ALJ discussed Dr. Nazareth's evaluation of Z.C., who, as the Commissioner notes, treated Z.C. only once.  Tr. 27-28.  The ALJ also noted Z.C.'s assessments at the Family Center at Monclair, as well as assessments by teachers and school psychologists.  Tr. 26-28.  Importantly, the ALJ noted that the medical and non-medical evidence was consistent with the DDS assessment of Z.C.'s functional domains.  Tr. 31.  Thus, we agree that the ALJ afforded the proper weight to Z.C.'s treating physicians and we will affirm on this ground.

D.

Finally, T.C. contends that nine pages of the fourteen pages of Exhibit 6F were missing from the Social Security Administration record.  T.C. contends that she brought the missing pages to the attention of the ALJ in her letter brief before the November 13, 2009 hearing.  The Commissioner contends that the ALJ noted at the beginning of the hearing that additional documents had been submitted and were part of the record.  Tr.

---

[5] 20 C.F.R. § 416.927 was amended as of March 26, 2012, so that the treating relationship section now appears as § 416.927(c)(2).  There was no change to the language of the section.

48. The Commissioner, thus, argues that T.C. cannot support her conclusion that the ALJ did not consider the missing pages.

However, even assuming arguendo that the ALJ did not consider the missing pages, we see no need to remand on this basis. T.C. argues that the failure to include these pages violated Z.C.'s right to have the record be fully and fairly developed. However, the Commissioner correctly argues that, even assuming the ALJ did not review the nine pages, they are insufficient to support remand. To support a "new evidence" remand,

> the evidence must first be "new" and not merely cumulative of what is already in the record. Second, the evidence must be "material;" it must be relevant and probative. Beyond that, the materiality standard requires that there be a reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination . . . . Finally the claimant must demonstrate good cause for not having incorporated the new evidence into the administrative record.

Szubak v. Sec'y of Health & Human Servs., 745 F.2d 831, 833 (3d Cir. 1984) (citations omitted).

Exhibit 6F contains records from the Family Center at Monclair. The first five missing pages contain drug information for Adderall. App. 561-65. The next missing page is an undated Medication Information Form, noting that Z.C. was prescribed 15 mg of Adderall. App. 566. One page from the exhibit is unreadable. App. 568. The last missing page is another Medication Information Form dated March 20, 2008, prescribing 18 mg of Concerta. The Commissioner notes that a May 2008 prescription for Concerta was already in the record. Tr. 271. The only page that might be considered material is a psychiatric evaluation form for Z.C. in which the doctor described Z.C. in the exam as

9

"constantly running around." App. 567. However, the Commissioner correctly notes that this fact is consistent with other facts in the record, namely the referral to the Family Center was for hyperactivity and Z.C. showed heightened activity in another examination in the record. Tr. 265, 343. Because the missing pages were not new and were not material, we need not remand for the ALJ to consider them, if, in fact, he did not.

III.

Based on the foregoing, we will affirm the order of the District Court.